[Civil No. 2930.  Filed March 10, 1930.]

[285 Pac. 680.]

SALVATORE DI PAOLO, ELIZABETH DI PAOLO and ANNIE DI PAOLO, Petitioners, v. CALU-MET & ARIZONA MINING COMPANY and THE INDUSTRIAL COMMISSION OF ARIZONA, Respondents.

Messrs. Flanigan & Fields and Mr. L. L. Hayden, for Petitioners.

Mr. John J. Taheny, for Respondents.

McALISTER, J.—On September 9, 1929, the Industrial Commission rendered its findings and award in the matter of the application of Salvatore di Paolo, Elizabeth di Paolo and Annie di Paolo for an allowance of their claims as dependents of Amado di Paolo, who was killed while discharging his duties as an employee of the Calumet and Arizona Mining Company. Their petition for a rehearing was denied by the commission on November 30th thereafter and under date of January 11th, 1930, they filed in this court an application for a writ of *certiorari* directing the commission to certify to this court its records in the proceeding for the purpose of reviewing the lawfulness of the award. The respondents have filed a motion to dismiss it upon the ground that the court has no jurisdiction to entertain the application and inasmuch as a determination of the matter involves an important question of procedure, the court is departing from its usual custom and stating in writing the reason for its conclusion.

From the day on which the rehearing was denied to that on which the application for the writ was filed in this court a period of forty-two days elapsed and respondents contend that under the statute the application was twelve days too late, and hence that this court is without jurisdiction to issue the writ. This position is based upon the first sentence of section 1452, Revised Code of 1928, which reads as follows:

"§ 1452. Appeal to supreme court. Within thirty days after the application for a rehearing is denied, or if the application is granted within thirty days after the rendition of the decision on the rehearing, any party affected thereby may apply to the supreme court of the state for a writ of *certiorari* to review the lawfulness of the award."

Whether this court has jurisdiction to entertain an application for a writ of *certiorari* to review the lawfulness of an award of the Industrial Commission when it has not been filed within the time prescribed by this section, that is, within thirty days from the denial of the application for rehearing, is the question presented.

The purpose of bringing the record of any hearing had by the Industrial Commission before this court is to have it determined "whether or not the commission acted without or in excess of its power; and, if findings of fact were made, whether or not such findings of fact support the award under review. If necessary the court may review the evidence." Section 1452, *supra.* A proceeding which results in such a review is in effect an appeal from the decision of the commission and "should be governed by the same principles as appeals from the superior court," in so far as they are applicable. *Maryland Casualty Co.* v. *Industrial Commission of Arizona,* 33 Ariz. 490, 266 Pac. 11. One of the provisions of the statute dealing with such appeals (section 3680, Rev. Code, 1928), prescribes the time within which they may be taken and while it confers upon this court, or any judge thereof, authority for good cause shown to enlarge the time for doing any of the things relating thereto, it specifically provides that "the time for taking an appeal shall not be extended." It would appear, therefore, that if the court is thus foreclosed in the matter of appeals from the superior court it should by a parity of reasoning be similarly circumscribed in the matter of appeals from a decision of the commission; and the fact that an appeal from a judgment of the superior court may be taken any time within six months and from an order overruling or granting a new trial within sixty days, while that from a ruling of the commission on an

application for rehearing must be within thirty days, cannot be regarded as conferring jurisdiction to extend the time in the latter instance any more than in the former. In fact, when it is recalled that one of the impelling reasons for the enactment of the Workmen's Compensation Law was to provide a method by which workmen, injured in their employment, or the dependents of those killed would receive compensation promptly and without the necessity of going through long, expensive trials, the conclusion is inescapable that the same rule should apply in both instances. And, as further indicating that one of the results its enactment was intended to attain was a realization of its benefits without unnecessary delay there was incorporated in it a provision, section 1408, Revised Code of 1928, requiring that an action or proceeding arising under it "be advanced for trial or hearing over all civil actions, except election contests and actions affecting the Corporation Commission." To hold, therefore, that the court can entertain the application is to say that it has power to extend the thirty-day period fixed by the legislature, and this cannot be done without ignoring the statute regulating appeals and violating the spirit and policy of the Workmen's Compensation Law (sections 1391–1457, Rev. Code, 1928) itself.

Utah's Compensation Law (Comp. Laws Utah 1917, § 3148, as amended by Laws 1921, c. 67), relating to the method of obtaining a review of an award of the commission by the Supreme Court, reads as follows, its effect being the same as Arizona's:

"Within thirty days after the application for a rehearing is denied, or, if the application is granted, within thirty days after the rendition of the decision on the rehearing, any party affected thereby including the state insurance fund, may apply to the supreme court of this state for a writ of *certiorari* or review (hereinafter referred to as a writ of re-

view) for the purpose of having the lawfulness of the original award or the award on rehearing inquired into and determined.''

In *Heledakis* v. *Industrial Commission of Utah*, 66 Utah 608, 245 Pac. 334, 335, an application for a writ of *certiorari* was filed more than thirty days after a rehearing before the commission had been denied, and on motion of the defendant the proceeding was dismissed upon the ground that the court had no jurisdiction to hear it since it had not been filed within the thirty-day period fixed by statute. Its conclusion was based upon the analogy between a proceeding on a writ of review from an award of the Industrial Commission and an appeal from the judgment of the superior court. It used the following language:

''This statute has been heretofore construed by this court to be mandatory as limiting the time within which an aggrieved party, under the Industrial Act, may apply to this court for the character of relief prayed for in the instant case. *Salt Lake City* v. *Ind. Comm.*, 61 Utah 514, 215 Pac. 1047; *State Insurance Fund* v. *Ind. Comm.*, 61 Utah 579, 217 Pac. 249; *Ferguson* v. *Ind. Comm.*, 63 Utah 112, 221 Pac. 1099. These cases unqualifiedly establish the rule in this jurisdiction that an application to this court under the Industrial Act, for a writ of review, must be made within 30 days from the date of the order awarding or denying compensation on a rehearing of the case. . . . The statute above quoted is analogous in principle to the statute providing for appeal to this court in civil cases from a final judgment of the district court. The appeal in such cases must be taken within 6 months from the entry of the judgment, whether the appellant has notice of the judgment or not. We see no reason for a different interpretation of the statute in question here.''

Such, also, is the holding in California, where the statute is the same in effect as Arizona's. *Neal* v.

*Industrial Accident Commission of California,* 36 Cal. App. 40, 171 Pac. 696. Discussing this proposition in *North Pacific S. S. Co.* v. *Industrial Acc. Com.,* 34 Cal. App. 488, 168 Pac. 30, 31, the court uses the following language:

"Conceding that the record upon this application for a writ of review directed to the Industrial Accident Commission shows that the award of the commission on its face was beyond and in excess of the jurisdiction of the commission, nevertheless it also appears that the petition for the writ to this court was not made within the 30 days after the award of the commission as prescribed by the statute. That statute, we think, must be regarded as a statute of limitations in so far as the right of the petitioner to apply for the writ is concerned, and the application has not been made within the statutory time. We are compelled therefore to dismiss the writ, and that will be the order."

We are clearly of the view that the legislature intended that an application for a writ of *certiorari* directing the Industrial Commission to certify to this court its record in any hearing before it for the purpose of obtaining a review of the decision made by it must be filed within thirty days from the denial of the rehearing or this court has no jurisdiction to entertain it.

Such being the law, the motion of respondents to dismiss the application is granted.

LOCKWOOD, C. J., and ROSS, J., concur.