[Civil No. 3278. Filed June 13, 1933.]

[22 Pac. (2d) 836.]

JAMES KILPATRICK, Petitioner, v. HOTEL ADAMS COMPANY, Defendant Employer, OCEAN ACCIDENT & GUARANTEE COR- PORATION, LTD., Defendant Insurance Car- rier, THE INDUSTRIAL COMMISSION OF ARIZONA, Respondents.

Mr. H. S. McCluskey, for Petitioner.

Messrs. Young & McKinney, for Respondent Insurance Carrier.

ROSS, C. J.—The petitioner, James Kilpatrick, on November 28, 1928, while working for Hotel Adams Company in its hotel in Phoenix, Arizona, was injured in an accident compensable under the Workmen's Compensation Law (sections 1391–1457, Revised Code of 1928). Thereafter he filed with the Industrial Commission a claim for compensation, making parties thereto the employer and the insurance carrier, Ocean Accident & Guarantee Corporation, Ltd. After investigating the claim, on October 9, 1929, the commission made findings sustaining the petitioner's claim for compensation, and awarded him for temporary disability the sum of $1,125.17 and for permanent partial disability $75 per month for eight months. The petitioner, on the grounds that the compensation awarded him was, under the evidence, inadequate, made a motion for a rehearing, and upon such rehearing the findings and award of October 9th were affirmed. June 3, 1930, petitioner made application to the commission to reopen the case, which was done, and after a hearing on October 17, 1931, his compensation was restored or continued pending further investigation into his condition. On November 2, 1931, the commission sent him to the Santa Fe Hospital in Los Angeles for treatment, where he remained until December 3, 1931. December 12, 1931, and again February 25, 1932, the commission held hearings on his petition to reopen, and thereafter, on July 22, 1932, amended its findings and award of October 9, 1929, in two respects: It awarded him for medical care and hospital attendance $978.34, and made the

allowance for permanent partial disability $75 per month for a period of thirty months, instead of eight months, from November 9, 1929.

Thereafter, on the twenty-sixth day of July, 1932, the petitioner filed his motion for rehearing, and as grounds therefor ·alleged, in substance: That he had not been able to do any manual labor since his injury; that he had ever since suffered, and was then suffering, intense pain as the result of the injury to his back; that he is highly nervous and unfitted to follow his employment; that the award has only partially compensated him for past disablity, and does not take into consideration his continuing disability; and that it is wholly inadequate. This application was denied August 26, 1932, and the petitioner brought the case here for review. The commission, in response to the writ of *certiorari* directed to issue, has certified the record and proceedings to us.

One of petitioner's complaints is of the original findings and award. These were made October 9, 1929, and, although an application for a rehearing was made and denied, no appeal was taken therefrom within thirty days, or at all, as provided in section 1452, Revised Code of 1928. For the failure to appeal from such findings and award they became final. Not only this, but it appears that the petitioner has accepted the award allowed him for temporary disability and also the monthly allowance for permanent partial disability and thereby acquiesced in the award. For these reasons we may not inquire into the lawfulness of the original award.

The appeal from the findings and award of July 22, 1932, amending the original award and findings, was, however, taken within the time fixed by section 1452, *supra,* and such findings and award are properly before us for consideration and review. The findings and award for permanent partial disability, made

July 22, 1932, over four years from the time petitioner was injured, are as follows:

"3. Said injury caused also a permanent partial disability entitling said applicant to compensation therefor in the sum of $75.00 monthly for a period of thirty months.

"Award.

"Award is hereby made payable to said applicant by the above-named defendant insurance carrier as follows:

"1. The sum of $75.00 monthly, for a period of thirty months, the first payment to be made November 9, 1929."

The injuries sustained by petitioner are not of the kind specifically designated as permanent partial disability by the statute and for which a definite allowance is made. Section 1438, part C. They are of the class or kind described in subdivision (w) of said part C, reading as follows:

"(w) Where the injury causes partial disability for work, the employee shall receive, during such disability, compensation equal to fifty-five per cent of the difference between his average monthly wages before the accident and the monthly wages he is able to earn thereafter, but the payments shall not continue after the disability ends, or death of the injured person, and in case the partial disability begins after a period of total disability the period of total disability shall be deducted from such total period of compensation.

"In determining the percentage of disability, consideration shall be given, among other things, to any previous disability, the occupation of the injured employee, the nature of the physical injury, and the age of the employee at the time of the injury. Where there is a previous disability, as the loss of one eye, one hand, one foot, or any other previous disability, the percentage of disability for a subsequent injury shall be determined by computing the percentage of the entire disability and deducting therefrom the percentage of the previous disability as it existed at the time of the subsequent injury."

Hereunder it is made the duty of the commission to determine how much the petitioner is able to earn since his injury, using the formula prescribed, or so much thereof as is applicable to the facts, and to award him compensation equal to fifty-five per cent. of the difference between that and what he was earning before the accident "during such disability . . . but . . . not . . . after the disability ends, or death of the injured person."

The above quoted amended finding does not comply with the law. *Zagar* v. *Industrial Commission,* 40 Ariz. 479, 14 Pac. (2d) 472. How the compensation of $75 per month was arrived at cannot be ascertained from the finding. The extent of the partial disability is not indicated. All we know from the finding is that it is not total. "Partial" might be any percentage less than total. We think the law contemplates that the commission shall take evidence on the question of the extent of the disability when partial and make a finding therefrom as a basis of its award.

When the disability sustained is *permanent* partial, as found by the commission, we do not see how the award can be limited to a certain number of months, since under the statute the employee is entitled to compensation "during such disability." We think the award should continue until upon a hearing before the commission it is determined that the disability has been removed; or it is made to appear that the injured person has died.

For these reasons the award is annulled and the case is remanded, with directions that further proceedings be taken in accordance herewith, using as a basis for findings the evidence already in the record and any other that may be offered or that is available.

LOCKWOOD and McALISTER, JJ., concur.