[Civil No. 3411. Filed January 4, 1934.]

[27 Pac. (2d) 1109.]

W. J. SCOTT, Petitioner, v. L. E. DIXON COMPANY, Defendant-Employer, and THE INDUSTRIAL COMMISSION OF ARIZONA, Defendant Insurance Carrier, Respondents.

Mr. Jesse C. Wanslee and Mr. Harold J. Janson, for Petitioner.

Mr. Don C. Babbitt and Mr. D. L. Cunningham, for Respondent Industrial Commission.

ROSS, C. J.—*Certiorari* to the Industrial Commission on the petition of W. J. Scott to review the action of the commission in refusing his claim for additional compensation.

On June 28, 1931, while petitioner was working as a carpenter for the L. E. Dixon Company in the construction of the Valley Bank or Professional Build-

ing in Phoenix, he was injured by a sprain in his back. He continued to work until about July 11th, when he quit on account of the pain and suffering caused by his injury. He resumed work August 3d and worked for a short time, when he was again laid off. On June 30th he first received treatment from Dr. G. E. Goodrich. He visited the doctor for treatment twenty-seven different times thereafter. On June 30th the employer reported the accident to the commission on one of its regular blank forms. On July 9th Dr. Goodrich made his report to the commission. August 1st he wrote the commission that he had discharged the applicant the day before and told him to return to work.

On August 6th the applicant, using one of the commission's blank forms for compensation, applied to the commission for compensation, stating therein his injury was a strained back.

With the application for compensation and the above reports before it, the commission, on August 18, 1931, made a finding that the injury was temporary and compensable and awarded applicant $100.61, which was paid by the commission and accepted by him.

Early in October, about the 5th, petitioner, either personally or through an attorney, complained to the commission of his inability to work as a result of his injury, and the commission again ordered an examination into his physical condition to see, as it states, if such examination confirmed or refuted its first conclusion. The commission had X-rays taken of Scott's vertebrae or back and referred him to Dr. A. C. Kingsley for an examination, and from the report of the doctor and the X-ray laboratory report decided that its first conclusion was proper.

October 13th applicant through an attorney wrote the commission a letter stating that "subsequently an examination disclosed a considerable injury" to

him, and therein asked for a rehearing. On October 17th this request for a rehearing was formally denied.

The petitioner did not appeal from this award or decision within thirty days, or at all, and it became final.

On May 15, 1933, petitioner addressed the following application to the commission:

"I respectfully make application for an order from your Honorable body reopening my case for further consideration based upon the following reasons:

"1. I have never had a hearing before your body.

"2. A final award was made and I was discharged before I recovered from injuries received while employed on the Valley Bank Bldg.

"3. I protested being discharged by the Dr. and returning to work that protest is noted in Dr. Goodrich's report.

"4. I returned to work could not perform real work and had to quit.

"5. I have suffered every day since my injury June 28, 1931 and have been more than one half disabled all of which time.

"6. In Oct. Nov. 1931 after my final discharge I consulted Dr. Greer a private Dr. he advised me then that I had never recovered from the injury he says now that at the present time I am in about the same shape as I was in November 1931.

"7. Upon affidavits of various persons who have known me and who have worked with me before and after the injury.

"8. I have received inadequate compensation and medical attention. . . .

"10. I ask for justice not mercy.

"Requests have heretofore been made to the Old Commission and nothing has been done, I insist that I have been unjustly dealt with.

"Therefore I sincerely request that my case be reopened and a hearing be allowed me."

Upon this informal petition the Industrial Commission ordered a rehearing and fixed June 22, 1933, as the date therefor. The commission heard evidence on said date offered by applicant.

On July 27, 1933, the commission entered in its minutes this formal ruling:

"Finding and Award in the above proceeding having been rendered heretofore, to wit, on the 18th day of August, 1931, and rehearing of the same having been requested, granted and held, and the matter having been duly submitted for decision upon rehearing:

"Now, therefore, this Commission, as its Decision upon Rehearing, orders that said Findings and Award be, and the same is hereby affirmed."

It is this order that is before us for review.

The grounds upon which this review is sought, as set out in the petition for the writ of *certiorari,* are: (1) The inadequacy of the award; (2) the refusal of the commission to find the percentage of partial disability; (3) the granting of the award of August 18, 1931, without a formal hearing; (4) the failure of the commission to take into consideration upon the rehearing of May 18, 1933, the physical condition of petitioner as disclosed by the X-rays taken in October; and (5) excess of authority in its decision of July 27, 1933, affirming the award of August 18, 1931. We will consider these grounds in the order given.

The Industrial Commission is the body entrusted with the power and duty of fixing compensation under the Compensation Law (Rev. Code 1928, § 1391 et seq.). When the commission has done so and the insurance carrier or employer has paid the compensation and the employee has accepted it, it would seem, in the absence of fraud or duress, that this should settle it. The employee cannot have his cake and eat it too. He must reject the commission's award and take necessary steps to have it reviewed, or else accept it. He cannot do both. It would be unfair to the employer and the insurance carrier to permit him to accept the award made by the commission and thereafter repudiate it. The commission's

action in determining whether an injury is compensable, as also the amount of the award, is *quasi* judicial and can be set aside only in the manner provided in the Compensation Law. One cannot accept the fruits of the commission's judgment in so far as it pleases him and then say it is not binding. In *Kilpatrick* v. *Hotel Adams Co., ante,* p. 128, 22 Pac. (2d) 836, we refused to determine the lawfulness of an award at the instance of the employee, it appearing that he had acquiesced therein by accepting the compensation fixed by the commission, and we adhere to that rule.

What we have said of the first ground of review is equally applicable to the second. The commission failed to find that petitioner had suffered any disability except temporary. Perhaps it should or might have found from the evidence that he had sustained a partial permanent disability. It did not so find. At the October rehearing it refused to disturb its first finding and award and that decision became final and *res judicata. Di Paolo* v. *Calumet & Arizona Min. Co. & Industrial Com.,* 36 Ariz. 347, 285 Pac. 680; *Zagar* v. *Industrial Com.,* 40 Ariz. 479, 14 Pac. (2d) 472.

The third ground is that he had no formal hearing. What he means by that, as we understand him, is that he was not personally present when the award of August 18th was made and entered and that he had no opportunity to show the extent of his injuries. Most claims for compensation are handled by the commission as this one was; that is, there are no formal appearances, no pleadings, no attorneys, and no formal trial. The award is made on the application of the workman and reports of the attending physician and employer, and perhaps supplemented by independent inquiry on the part of the commission. If this award were final, there would be strong reasons for a more thorough investigation of the

claim and a more formal hearing at which all parties could be present. But it is not final. The statute provides that any party affected by the award, whether it be the workman, beneficiary, employer, or insurance carrier, may apply for a rehearing. Section 1452, Rev. Code 1928. And in all cases where a rehearing is had the proceeding takes the form of a trial at which interested parties are or may be present in person or by attorney. Thus parties who are dissatisfied with the award may have an opportunity to go into the facts fully and completely upon the rehearing. We think the application for compensation and the reports of the employer and attending physician conferred jurisdiction upon the commission to make the award, and that it was not necessary that the petitioner be present at the time it was entered, or that he be given the opportunity to introduce any more evidence than was before the commission, since if dissatisfied with the award the law permits him to be heard upon a motion for rehearing.

The fourth ground is the failure of the commission at the July, 1933, hearing to consider the evidence of petitioner's physical condition submitted on the rehearing in October, 1931. The basis for this charge we assume is the refusal of the commission to award him permanent partial disability compensation. Because the commission did not agree with petitioner's contentions is no evidence that it failed to consider all of the evidence he submitted but, rather, that it was not convinced that he was right.

The fifth ground is that the commission exceeded its authority in its decision upon rehearing of July 27, 1933, because it therein affirmed the award of August 18, 1931. Just what is meant by the last ground we cannot say. The commission certainly had authority to make the decision of July 27th unless the questions passed upon had been finally settled by its former adjudications. The commission exhausted

its power and jurisdiction over the original injury in its award compensating petitioner therefor except upon a rehearing. It might have increased the award at the October rehearing, but it refused to do so. The only theory upon which the commission had authority to entertain jurisdiction of the application of May 15th for the reopening of the award of October 18th would be that petitioner had suffered injuries of which neither he nor the commission had any knowledge when the award was made; or that from his injuries new and unexpected ailments had appeared incapacitating him to work.

His original claim was based upon an injury described as a sprained back. The X-rays taken in October, 1931, show an apparent fracture of the transverse process of the fourth lumbar vertebra on the left side; also, that the first lumbar vertebra is either a separate bone or has been previously fractured and not united. Dr. A. C. Kingsley, who examined the petitioner at that time, says that there is either an anomaly of the transverse process on the left side or he has sustained previous injury; that there are no objective findings indicating disability.

Dr. J. M. Greer, who was petitioner's private physician, stated on May 12, 1933:

"He is suffering from an old sprained back and his condition is essentially the same as when seen in November, 1931."

This same physician in a report to the Industrial Commission dated May 31, 1933, states (under "Remarks"):

"This man probably had a back strain. Why it is not well by this time I do not know. All symptoms and signs are subjective. He states that he wants treatment in order that he may recover and go back to work, rather than compensation. His complaint is that he did not get adequate treatment. I am unable to determine the extent of the injury, if any,

or the percentage of disability by physical examination."

The petitioner himself testified at the June, 1933, hearing, in answer to the question, "Is your condition better or worse since the original inquiry?" that he was "better now a little than when I quit the job."

Dr. R. F. Palmer, the commission's medical referee of petitioner's condition, on April 24, 1933, reported:

"There have been no new developments or change from his condition when discharged from treatment the latter part of 1931; and there is no apparent reason why his case should be reopened unless it is in the fact that he claims he had never been given a hearing and never been given any final award."

Looking at the case broadly and remembering that the rule is that we will accept the findings of the commission upon disputed questions of fact when supported by credible evidence, even if it be conceded that petitioner's claim was properly before the commission, it must be plain that we ought not to disturb that body's findings.

A careful inspection of the record leaves our minds somewhat in doubt as to whether the petitioner should not have been carried for a longer period on account of temporary partial disability. It may be that he has not been adequately compensated. At all events, the body whose duty it is to investigate claims has come to the conclusion that his award was adequate, and we adhere to the rule of giving its decision finality on questions of fact when reasonably supported by the evidence.

The award is affirmed.

LOCKWOOD and McALISTER, JJ., concur.