[Civil No. 3463. Filed March 21, 1934.]

[30 Pac. (2d) 839.]

OCEAN ACCIDENT & GUARANTEE CORPORATION, LIMITED, Insurance Carrier, HOTEL ADAMS COMPANY, INC., Defendant Employer, Petitioners, v. JAMES KILPATRICK, Compensation Applicant, THE INDUSTRIAL COMMISSION OF ARIZONA, Respondents.

Mr. C. H. Young, for Petitioners.

Mr. H. S. McCluskey, for Respondent Kilpatrick.

Mr. Don C. Babbitt and Mr. Emil Wachtel, for Respondent Industrial Commission.

ROSS, C. J.—A former award in this case in favor of Kilpatrick, the employee, was set aside [22 Pac. (2d) 836] because the Industrial Commission had not found the extent or percentage of injury or disability. On the return of the case to the commission it took additional evidence, and therefrom and from the evidence already before it, on December 3, 1933, found that the employee's average monthly wage was $150 at the time of his injury; that his injury was permanent partial and equal to 75 per cent. of a permanent total disability. The commission awarded compensation in the sum of $73.13 monthly from April 9, 1932, to continue during the employee's disability. Upon a rehearing, granted at the motion of the insurance carrier, the commission refused to change or modify the award and the insurance carrier and defendant employer have brought it here for review.

The motion for rehearing was based on two grounds, the first being that the evidence conclusively shows the employee had sufficiently recovered to follow a gainful occupation; and the second that the finding to the effect that the employee's disablement was equal to 75 per cent. of a permanent disability was contrary to the law and the evidence.

There was before the commission evidence that the employee was totally disabled to work, and there was

also evidence that he could do light work and that it was essential that he do light work to improve or regain his health. The commission evidently was of the opinion that the employee was able to do light work and to earn something after his injury. The finding that his disability was partial disaffirms the conclusion that it was total. The finding is that the disability is only 75 per cent. This, we take it, is a finding that his earning power has been reduced 75 per cent., or from $150 per month to $37.50, a difference of $112.50. His compensation, according to the formula prescribed in subdivision (w), part C, section 1438, Revised Code of 1928, is 55 per cent. of the difference between his earning power before his injury and his earning power after his injury, which would be $61.88 instead of $73.13, as calculated. The error occurred in computing the compensation as 65 per cent. of the difference between his earning power before and after the injury. Of course, the commission, if it has not already done so, can make proper correction.

The award is set aside.

LOCKWOOD and McALISTER, JJ., concur.