[Civil No. 3741.   Filed July 15, 1936.]

[59 Pac. (2d) 323.]

GEORGE W. BROWN, Petitioner, v. THE INDUS-
TRIAL COMMISSION OF ARIZONA, Respond-
ent Insurance Carrier; CALUMET & ARIZONA
MINING CO., Respondent Employer.

Mr. Erwin H. Karz and Mr. Charlie W. Clark, for
Petitioner.

Messrs. Ellinwood & Ross, Mr. William A. Evans
and Mr. Denison Kitchel, for Respondent Employer.

LOCKWOOD, C. J.—George W. Brown, herein-
after called petitioner, has brought before us for re-
view an award of the Industrial Commission made on
the 17th day of January, 1936, denying him additional
compensation.   The history of this case shows a

somewhat unusual situation, and may be stated as follows: In the year 1922 petitioner, then a young, healthy, able-bodied man, was seriously injured in an automobile accident. In this accident, he sustained a fracture of the neck of the right femur and the right wing of the pelvis. These fractures united, but caused some deformity to the hip and a shortening and slight stiffness of the right leg. With this exception, he apparently made a perfect recovery, and for some eight years engaged in hard, muscular labor, without experiencing any bad effects. On May 28, 1930, he was working as an assistant engineer for the New Cornelia Mining Company on a steam trap. It blew up and, as a result, he received a second-degree scald on the left side of the body, from the hip to the shoulders, and also upon the left arm, and a severe blow on the left thigh with a piece of metal from the exploded trap, which caused some sloughing in the soft part of the tissue. There was, however, no apparent bone injury of any nature. He was immediately taken to the hospital, where he was treated, and remained there until June 11th, when he became an out patient, reporting for dressing only. The burns and the contusion on the leg eventually healed completely. On the 1st of July he was admitted to the hospital again, suffering with acute pleurisy, and remained there for eighteen days, the attending physician attributing the pleurisy to toxemia from the burns. His disability continued until about the 1st of August, when he reported for duty, and remained at work more or less continually until July, 1932. He had drawn some temporary total disability compensation, all of which had been duly paid him. On the 31st of December, 1932, he was awarded the sum of $78.65 per month for partial disability, beginning as of October 22, 1932, and to continue until the fur-

ther order of the commission. On March 23, 1934, he was again examined by the medical adviser for the commission, and a long and detailed report of his physical condition was made. The conclusion of the adviser was that there was at the time no disability existing, resulting from the accident of 1930, and that while petitioner apparently did have some pain and discomfort in his lower spine, this was probably due to the disturbed relationship of the lower spine and supporting ligaments, caused by the fractured hip and pelvis in 1922. The matter continued in *status quo* until March 5, 1935, when petitioner was X-rayed at the request of the medical rating board. The consultant, who had also made the X-rays in September, 1932, which were used as evidence for the award of compensation made that year, reported that the condition of the spine had not changed since 1932. The medical rating board also examined the petitioner and reported that, in their opinion, he had then no disability attributable to the accident of 1930. On the 14th of March, 1935, the commission ordered the compensation of petitioner discontinued, on the ground that there were then no disabilities referable to the injury of May 28, 1930. A petition for a rehearing was then filed, and one was held on the 9th of April. Petitioner, his wife, and Dr. H. D. Atwood who had attended him in 1930, testified, and on this testimony and the reports of the medical rating board and the consultant, the commission affirmed its award of the 14th of March above referred to. No appeal was ever taken from this award.

On the 28th day of August, 1935, petitioner made formal application for an adjustment of compensation, claiming that his condition had become more serious and worse than it was at the time the last award was made to him. In support of his conten-

tion, he submitted a report signed by Doctors Coit I. Hughes and T. E. McCall, two well-known Phoenix physicians. This report went into considerable detail as to his condition, and stated the following conclusions:

"We, the undersigned, believe that Mr. Brown is suffering with a condition of psychoneurosis resulting from the immediate shock of his accident and a continuing worry and brooding over his physical ailments, his inability to stay at work, and his gradually increasing weakness."

On the 16th day of October any readjustment of compensation was denied. No appeal was ever taken from this order.

On the 4th day of November, another petition and application for adjustment of compensation and for a hearing and rehearing was filed. On the 25th day of November, the commission made the following order:

"Petition for rehearing having been filed by the applicant, Geo. W. Brown, on the 4th day of November, 1935, and said petition having been considered by this Commission, and it appearing to this Commission that said petition fails to set up or allege any new or additional disability resulting from the injury sustained May 28, 1930, and that all matters and things in his said petition referred to and complained of are *res judicata,* having been fully and definitely adjudicated by this Commission in its Third Amended Findings and Award of March 14, 1935, and affirmed by its Decision upon Rehearing of April 15, 1935:

"Now, therefore, it is ordered that the application for rehearing be, and the same is hereby denied."

No appeal was ever taken from this order.

On the 14th day of January, 1936, petitioner filed another document entitled, "Petition, Affidavit, Motion and Application for Compensation, and for a

Hearing and Rehearing." On the 17th day of January, the commission made the following order:

"Petition, Affidavit, Motion and Application for Compensation, and for a Hearing and Rehearing having been filed by the applicant, Geo. W. Brown, on the 14th day of January, 1936, and said petition having been considered by this Commission, and it appearing to this Commission that said petition fails to set up or allege any new or additional disability resulting from the injury sustained May 28, 1930, and that all matters and things in his said petition referred to and complained of are *res judicata,* having been fully and definitely adjudicated by this Commission in its Third Amended Findings and Awards of March 14, 1935, and affirmed by its Decision upon Rehearing of April 15, 1935:

"Now, therefore, it is ordered that the application for rehearing be, and the same is hereby denied."

Whereupon, for the first time, petitioner appealed to this court.

▮ The first question which is raised by the record herein is to what extent we are permitted to review the actions of the commission. We have held that we have no jurisdiction to review any orders of the Industrial Commission entered more than thirty days prior to the filing of an application in this court for a writ of *certiorari. Di Paolo* v. *Calumet & Arizona Min. Co.,* 36 Ariz. 347, 285 Pac. 680; *Kilpatrick* v. *Hotel Adams Co.,* 42 Ariz. 128, 22 Pac. (2d) 836; *Zagar* v. *Industrial Commission,* 40 Ariz. 479, 14 Pac. (2d) 472; *Scott* v. *L. E. Dixon Co.,* 42 Ariz. 525, 27 Pac. (2d) 1109. The application for the writ was filed February 4, 1936. It is, therefore, plain that the only thing which we may consider is whether the commission erred in denying the petition for compensation filed by the petitioner January 14, 1936, and we confine our investigation, therefore, to the effect of that petition, and that alone.

■■ We have held that an award made, either on an original application for compensation or for an adjustment of compensation, is *res adjudicata* as to the compensability of the petitioner and his condition at the time of the award. *Zagar* v. *Industrial Com., supra; Scott* v. *L. E. Dixon Co., supra; Schultz* v. *Industrial Com.,* 44 Ariz. 357, 37 Pac. (2d) 372. We are, therefore, bound to assume as a matter of law that on the 9th day of April, 1935, petitioner was not suffering any disability as a result of his accident of May 28, 1930, and that on the 25th of November, 1935, no new disability had appeared which could be attributed to the accident of May 28, 1930. The question then is, Does it appear from the face of the petition of January 14, 1936, that since November 25, 1935, petitioner's condition has changed for the worse as a result of the accident of May 28, 1930? In other words, we must assume as a matter of law that on November 25th, *so far as the accident of 1930 was concerned,* he was a perfectly strong, healthy man, and that any disability from which he might be suffering on that date was the result of some other and independent cause. Let us examine his petition to see what he alleges in regard to this. It is too long to set forth in full, but it appears clearly that what petitioner is complaining of is a psychoneurosis, together with severe pain in the back, which began immediately after the accident of May 28, 1930, and has continued progressively from that time to the date of the petition. There is nothing in the petition which would even raise a suspicion that the condition of which petitioner complains and for which he is seeking compensation first became apparent to him or to any other person after November 25, 1935. On the contrary, the allegations are emphatic to the effect that this condition was well known to him and

to the commission long preceding the date last mentioned; that he has three times brought it to the attention of the latter; and that each time it has found that such condition was not due to the accident of 1930, but to the accident of 1922.

That petitioner is now physically disabled we do not question. That he is suffering from a severe case of psychoneurosis due to anxiety about his physical and financial condition, and that such psychoneurosis is the cause of his present disabled condition is asserted by a number of reputable physicians, and we see no reason to doubt their conclusion. But the commission has held three times that such condition is not due to, nor a result of, the accident of 1930, but is attributable to other causes. Whether its conclusion on this point is true or not is a matter which is outside of our jurisdiction to determine. When it was found to be a fact, whether on sufficient evidence or no evidence at all, and petitioner failed to exercise his statutory right of bringing the decision before us for review within the time permitted by law, that finding became *res adjudicata* and not subject to attack, at least in the manner followed in the present proceeding. We have no more power at the present time to question that conclusion than has the layman in the street and, when it appears, as it does conclusively, that the petition of January 14, 1936, is, in reality, an attempt to reopen and question this finding, we have no discretion in our action. Whether, as a matter of fact, the present condition of petitioner is actually due to a progressive physical deterioration, caused by the accident of 1930, or whether it be due, as found by the commission, to some other cause, is not within our jurisdiction to determine. Under the law, we have no other option than to hold that the petition, on its face, fails to show any legal rea-

son why additional compensation should be granted to petitioner and, this being so, the award must be affirmed.

McALISTER and ROSS, JJ., concur.