[Civil No. 4441. Filed December 8, 1941.]

[119 Pac. (2d) 932.]

BASIL HARAMBASIC, Petitioner, v. BARRETT & HILP & MACCO CORP., Defendant Employer, THE INDUSTRIAL COMMISSION OF ARIZONA, Defendant Insurance Carrier, Respondents.

320

Mr. Lemuel P. Mathews and Mr. L. Verde Rhue, for Petitioner.

Mr. Rouland W. Hill and Mr. Howard A. Twitty, for Respondents.

LOCKWOOD, C. J.—Basil Harambasic, called petitioner, was injured on May 21, 1938, by an accident arising out of and in the course of his employment. He received compensation for total temporary disability from that date until December 29, when a committee of examining physicians reported that his condition had become stable, and fixed his permanent disability at a twenty-five per cent. functional disability of the right foot. On January 11, 1939, the Industrial Commission of Arizona, called the commission, made an award for temporary total disability in the sum of $824.36, which had been paid, and for permanent partial disability for a period of ten months beginning January 29, 1939, of the sum of $78 per month. No rehearing on this award was ever requested by petitioner, nor was there an attempt made to bring the award before us for review within the statutory time. However, he felt that his condition was not satisfactory, and made various oral complaints to Dr. Thomas Woodman, who had been one of the committee of physicians who examined him on December 29. It does not appear from the record just when the first of these complaints was made, but it was some time after he had received his award for permanent partial disability, and presumably before May 17, 1939, for on the date last mentioned he was again examined by the same committee which examined him on December 29, 1938. It reported that except for subjective symptoms the condition of his foot had improved since the date of the last examination. Again on December 14,

1939, he was examined by a board of five physicians, who reported no increased disability. On April 8, 1940, he was examined by the regular medical advisory board of the commission, who reported his permanent partial disability as not exceeding twenty-five per cent.

On July 5, 1940, for the first time, petitioner filed a formal petition to reopen the case. A hearing was had and the report of the examining physicians was substantially to the effect that his condition had become no worse since the award of January 11, 1939, but that it might be improved by an operation. Petitioner was, therefore, sent to a hospital on October 27, 1940, and an operation was performed on his foot. He received compensation for total temporary disability during the entire time he spent convalescing from this operation. On April 14, 1941, he was again examined by a group of physicians who reported that his disability at that time did not exceed twenty-five per cent. functional disability of the right foot, and on May 1, an award was made allowing him the sum of $55.70, being the balance due for his temporary total disability on account of his operation and confinement in the hospital. This award was brought before us in due course on the present writ of *certiorari*.

The first question for our consideration is the effect of the award of January 11, 1939. We have repeatedly held that an award made either on an original application for compensation or for an adjustment of compensation, which has not been brought before us for review in the proper manner and at the proper time, is *res adjudicata* as to the issues determined by the award. *Brown* v. *Ind. Comm.,* 48 Ariz. 161, 59 Pac. (2d) 323; *Zagar* v. *Ind. Comm.,* 40 Ariz. 479, 14 Pac. (2d) 472; *Scott* v. *L. E. Dixon Co.,* 42 Ariz. 525, 27 Pac. (2d) 1109.

█ We have further held that unless an award of the commission is brought before us within the time fixed by the Compensation Act, we have no jurisdiction to review it. *Brown* v. *Ind. Comm., supra; Di Paolo* v. *C. & A. Min. Co.,* 36 Ariz. 347, 285 Pac. 680; *Kilpatrick* v. *Hotel Adams Co.,* 42 Ariz. 128, 22 Pac. (2d) 836; *Zagar* v. *Ind. Comm., supra; Scott* v. *L. E. Dixon Co., supra.*

█ The record shows conclusively that no application for rehearing was made on the award of January 11, nor was it brought before us by *certiorari* within the statutory time. It is, therefore, conclusive upon us to the effect that as of that date petitioner had suffered a temporary total disability for the time set forth in the award, and had been compensated fully therefor, and that he had a permanent partial disability of the nature set forth in the award for which he was entitled to compensation in the amount fixed thereby. But, under the statute, if his disability had increased since that date, due to matters which were unknown and not considered at the time of the original award, he was entitled to have his case reopened for additional compensation. But on a reopening of the case, the commission was limited to new and additional disability, which was unknown and was not considered at the time of the original award. *Edens* v. *L. E. Dixon Const. Co.,* 42 Ariz. 519, 27 Pac. (2d) 1107.

█ Petitioner admits the general rules of law which we have just stated, but contends that the commission had waived them by reason of the fact that at various times he had complained of his condition to it. The record fails to show that any complaint of the award was made to the commission until long after the time allowed by its rules for a petition for rehearing, and by the statute by *certiorari* to this court, had

elapsed. Petitioner contends that he did, however, make complaint to Dr. Thomas Woodman, who was one of the examing physicians, at some time shortly after the award of January 11, 1939, although even he does not attempt to fix the date. It does not appear from the record what, if any, official connection Dr. Woodman had with the commission except that he, in common with a number of other well known physicians, from time to time examined petitioner to ascertain his condition. The record does show affirmatively, however, that the commission never directed nor suggested that petitioner should consult Dr. Woodman, and that he acted of his own volition in this respect.

■ While it is true there is no specific form in which an application for compensation, original or additional, must be made, we have held in the cases of *Zagar* v. *Ind. Comm., supra,* and *Dustin* v. *Ind. Comm.,* 43 Ariz. 96, 29 Pac. (2d) 155, that the statute does contemplate a formal application for increase or rearrangement of compensation; that mere complaints, oral or in letters, are not sufficient, and that an additional award can only be from the date of such application. No additional compensation, therefore, could be granted petitioner for a period before July 5, 1940.

■ It appears affirmatively from the record that petitioner's condition had not changed for the worse from January 11, 1939, up to the time of his petition on July 5, 1940, but remained stationary. The action of the commission upon such petition allowing him hospitalization and an operation could not, therefore, be based on the theory of new and additional disability, for which he was entitled to compensation under section 56–967, Arizona Code 1939, but rather that the permanent disability for which he had been awarded

compensation might be greatly lessened by reason of the operation, under section 56–955, Arizona Code 1939. The evidence shows beyond doubt that whatever his condition was on January 11, 1939, it did not become worse from that time. He, therefore, was entitled to no additional compensation as such. The commission allowed an operation for the purpose of rehabilitation and also the maximum compensation rate during his period of disability as a result of the operation.

The award is affirmed.

McALISTER and ROSS, JJ., concur.