495 P.2d 482

**Edward R. BISHOP, Petitioner,**

v.

**The INDUSTRIAL COMMISSION of Arizona, Respondent,**

**Allison Steel Manufacturing Company, Respondent Employer,**

**State Compensation Fund, Respondent Carrier.**

**No. 1 CA–IC 658.**

Court of Appeals of Arizona, Division 1, Department A.

April 4, 1972.

Herbert B. Finn by Galen H. Wilkes, Phoenix, for petitioner.

William C. Wahl, Jr., Chief Counsel, The Industrial Commission of Ariz., Phoenix, for respondent.

Snell & Wilmer by James A. Honer, Burr Sutter, Phoenix, for respondent employer.

Robert K. Park, Chief Counsel, State Compensation Fund, Phoenix, for respondent carrier.

DONOFRIO, Judge.

This case is before us by writ of certiorari to review the lawfulness of an award of The Industrial Commission of Arizona dated April 29, 1971, affirming the hearing officer's decision and award dated February 19, 1971, whereby petitioner's claim for scheduled permanent partial disability was denied. The issue is whether petitioner sustained his burden of proving a scheduled permanent partial disability causally related to the industrial accident.

On August 22, 1969 the petitioner, Edward R. Bishop, was working as a welder for Allison Steel Manufacturing Company, and while scraping out a well with an air arc a piece of hot metal bounced off his shoulder, under his helmet, and into his right ear. Prior to that time petitioner had never had any hearing difficulty. After the industrial accident there was testimony that petitioner had difficulty distinguishing conversation when more than one person spoke, and furthermore, he had problems hearing higher pitched tones.

At the hearing three lay witnesses, namely, the petitioner, his wife, and a friend who had known petitioner for fifteen years prior to the accident, testified regarding a radical change in petitioner's ability to hear following the accident. Medical and paramedical testimony was as follows:

Dr. Stanley Milstein, a nose, ear and throat specialist, testified that he examined petitioner the day of the accident, and four times subsequently. Basically, the testimony of Dr. Milstein was that petitioner's hearing was deficient in the high end of the hearing spectrum, and that as of the time of the last examination in December 1969 petitioner's condition was stationary and no further treatment was necessary. He testified that the perforation of the eardrum had healed spontaneously with apparently no permanent residuals.

Petitioner's medical witness, Dr. Burton E. Weissman, a specialist in nose, ear and throat diseases, testified regarding causation as follows:

"HEARING OFFICER: On the basis of the tinnitus or noise, would you see a causal relationship between the findings that you made and the industrial accident?

"THE WITNESS: Not to beat around the bush, but tinnitus—tinnitus which was not present before the accident, which has been present since the accident, but in most cases is related to a sensory aural loss on an acoustic basis.

"From the accident, the only thing I have come up with is tinnitus and vertigo. I don't know if that confuses the issue or not."

In addition, Dr. Weissman stated that he was unable to characterize the hearing disability in terms of a percentage of loss. He was aware that the American Medical Association had adopted such a formula, but since he did not have a copy at the hearing he could not relate his finding that there was some hearing impairment to a percentage of loss.

**44**

Finally, an audiologist with twenty years' experience, testified that there was an over-all loss of 50% in the right ear as opposed to a 25% loss in the left ear. This witness testified he was not competent to express an opinion as to the cause of the hearing loss. There was no evidence explaining what formula was utilized in arriving at the aforementioned percentage of loss.

The problem is whether petitioner has proved the causal relationship and the percentage of disability as is required under A.R.S. § 23-1044. There was evidence by the audiologist that did specify a certain percentage of loss, however, the amount of loss that was measured by the audiometer must be causally related to the industrial episode. This evidence, which is within the realm of medical testimony, was not offered and hence there was a critical deficiency in proof. On appeal we may not speculate as to whether the difference in hearing ability between the right and left ear was due solely to the industrial accident. Proof must be elicited at the time of the hearing which directly relates the loss to the accident so that we are able to determine what part of the loss is acoustical and what part was occasioned by trauma.

In this case the Commission's finding cannot be categorized as wholly unreasonable. In Waller v. Industrial Commission, 99 Ariz. 15, 406 P.2d 197 (1965), the Supreme Court stated:

" . . . [W]here the evidence is in conflict or different inferences may be drawn therefrom, findings of fact of the Commission will not be disturbed and, where two inferences may be drawn, the Commission is at liberty to choose either and its conclusion will not be disturbed unless it is wholly unreasonable. . ." 99 Ariz. at 18, 406 P.2d at 199.

There was substantial evidence elicited from Dr. Milstein that there was no permanent partial disability. Dr. Weissman's testimony on this issue was equivocal at best.

Petitioner contends that the fact that the insurance carrier and employer were not present at the hearing is a confession of error and that apparently they are now precluded from asserting any defense on appeal. We do not agree. One of the elementary tenets of compensation law is that the petitioner has the burden of proving his case by a preponderance of the evidence. In re Estate of Bedwell, 104 Ariz. 443, 454 P.2d 985 (1969); Wheeler v. Industrial Commission, 94 Ariz. 199, 382 P.2d 675 (1963); Peret v. Industrial Commission, 13 Ariz.App. 115, 474 P.2d 474 (1970). Furthermore, the Commission is not required to disprove a claim. Russell v. Industrial Commission, 104 Ariz. 548, 456 P.2d 918 (1969); Malinski v. Industrial Commission, 103 Ariz. 213, 439 P.2d 485 (1968).

The award of medical expenses by the hearing officer and the subsequent affirmance of this position by the Commission shows that petitioner did prove his injury was occasioned in the course of his employment, however our review of the record does not show any testimony on the percentage of permanent loss by a competent witness able to relate that loss to the specific industrial incident. Related to this issue is petitioner's assertion that the hearing officer should have permitted a continuance to allow the medical expert, Dr. Weissman, to testify as to percentage of loss from an A.M.A. chart which was not available at the time of hearing. It is well settled that the Commission need not order further consultation to shed light on a particular case. Olivas v. Industrial Commission, 16 Ariz.App. 543, 494 P.2d 743 (filed March 9, 1972). See also Cain v. Industrial Commission, 87 Ariz. 40, 347 P.2d 699 (1959).

In summation, upon review of the record we find that the hearing loss that petitioner allegedly still suffers could be related to an acoustical loss, and not to the industrial accident. Also, the proof is inadequate to sustain an award of a partial permanent disability. As stated in Kilpatrick v. Hotel

Adams Co., 42 Ariz. 128, 22 P.2d 836 (1933):

"  .  .  . The extent of the partial disability is not indicated. All we know from the finding is that it is not total. 'Partial' might be any percentage less than total. We think the law contemplates that the commission shall take evidence on the question of the extent of the disability when partial and make a finding therefrom as a basis of its award." 42 Ariz. at 132, 22 P.2d at 837.

The award of the Industrial Commission is affirmed.

STEVENS, P. J., and CASE, J., concur.