NOTICE: NOT FOR PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION DOES NOT CREATE
LEGAL PRECEDENT AND MAY NOT BE CITED EXCEPT AS AUTHORIZED.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

_____

JANELLE KWIETKAUSKI, *Petitioner,*

*v.*

THE INDUSTRIAL COMMISSION OF ARIZONA, *Respondent,*

*v.*

SENTRY INSURANCE, *Respondent Employer/Respondent Carrier.*

No. 1 CA-IC 13-0060
FILED 4-3-2014

_____

Special Action – Industrial Commission
ICA Claim No. 20102-390098 Carrier Claim No. 51C870906
The Honorable JoAnn C. Gaffaney, Administrative Law Judge

**AFFIRMED**

_____

COUNSEL

Janelle Kwietkauski, Phoenix
*Petitioner in Propria Persona*

Andrew Wade, Chief Counsel, Phoenix
The Industrial Commission of Arizona
*Counsel for Respondent*

Klein, Doherty, Lundmark, Barberich & LaMont, P.C., Phoenix
By Lisa M. LaMont
*Counsel for Respondent Employer/Carrier*

---

**MEMORANDUM DECISION**

Presiding Judge Samuel A. Thumma delivered the decision of the Court, in which Judge John C. Gemmill and Judge Randall M. Howe joined.

---

**T H U M M A**, Judge:

¶1         Janelle Kwietkauski challenges an award of the Industrial Commission of Arizona (ICA) affirming its finding that: (1) Kwietkauski's medical conditions became stationary by August 2, 2011 with no permanent impairment and (2) denying in part penalty benefits to Kwietkauski for employer Sentry Insurance's bad faith and unfair claims processing actions. Because the Administrative Law Judge (ALJ) did not err, relief is denied.

## FACTS AND PROCEDURAL HISTORY

¶2         Kwietkauski worked for Sentry as a worker's compensation claims adjustor from 2007 to 2010. On August 18, 2010, Kwietkauski slipped in Sentry's parking lot on her way to work, falling on her back, hip, wrist and hand, resulting in pain in these areas. Kwietkauski reported the fall to her supervisor. Kwietkauski also reported a second fall from an office chair that occurred on August 19, 2010.[1] Sentry accepted the claim.

¶3         Kwietkauski visited a number of doctors and Sentry scheduled Kwietkauski for an independent medical examination (IME). Kwietkauski missed two IMEs because of unrelated illness, but attended the third IME to be conducted by Dr. Terry McLean. Dr. McLean felt uncomfortable when Kwietkauski sought to record the procedure and the IME did not occur. Kwietkauski then participated in an IME with Dr. Rockowitz, who found her condition was "stationary without impairment." On April 28, 2011, Sentry notified Kwietkauski that her benefits were suspended because she had obstructed the IME. Kwietkauski requested a hearing and the ICA treated the request as a

---

[1] The ICA combined the two injuries stating "[a]ny aggravation of [Kwietkauski's] injuries from the slip and fall incident the day before, or any new injuries from the second incident, have been processed under the August 18, 2010 date of injury claim."

complaint of bad faith and unfair claim processing, which the ICA denied. In June 2011, Sentry closed Kwietkauski's file after a 20-day closure letter.

¶4 Kwietkauski requested a hearing to contest the termination of benefits and the ALJ issued a decision in December 2011 affirming the termination of benefits. Kwietkauski requested administrative review, and the ICA affirmed the December 2011 ruling. Kwietkauski then sought review by this court, which set aside the ICA award finding Sentry could not suspend her benefits for allegedly obstructing an IME by asserting an intention to tape record the examination. *See generally Kwietkauski v. Indus. Comm'n,* 231 Ariz. 168, 291 P.3d 365 (App. 2012).

¶5 On remand, the parties agreed that this court resolved the suspension issue in favor of Kwietkauski. On July 12, 2013, the ICA entered its Decision Upon Hearing and Findings and Award for Temporary Disability and Finding Bad Faith. The ICA ordered Sentry to reimburse Kwietkauski $100.00, a credit amount Sentry had charged for the two missed IMEs. The ICA found that Kwietkauski's spine, hip and back conditions had become medically stationary by August 2, 2011, and thus she was entitled to medical benefits and temporary disability benefits from August 18, 2010 to August 2, 2011. The ICA awarded a number of penalty benefits to Kwietkauski based on findings that Sentry committed unfair claims processing practices, unreasonable underpayment of disability benefits, unreasonable delay in authorization of medical benefits or treatments and unreasonable termination (suspension of benefits).

¶6 Kwietkauski filed a Request for Review of Decision Upon Hearing and Findings. The ICA affirmed and supplemented the Decision Upon Hearing and Findings and Award. Kwietkauski timely sought review by this court, which has jurisdiction pursuant to Arizona Revised Statutes (A.R.S.) sections 12-120.21(A)(2), 23-951(A) (2014)[2] and Arizona Rule of Procedure for Special Actions (ARCAP) 10.

## DISCUSSION

¶7 Kwietkauski asks this court to: (1) vacate the ICA's finding that her condition was medically stationary by August 2, 2011 with no permanent impairment and (2) award additional penalties based on her bad faith and unfair claims processing allegations.

---

[2] Absent material revisions after the relevant dates, statutes and rules cited refer to the current version unless otherwise indicated.

¶8        When reviewing a workers' compensation award, this court views "the evidence in the light most favorable to sustaining the [ALJ's] decision," which will not be set aside if reasonably supported by the evidence. *Delgado v. Indus. Comm'n*, 183 Ariz. 129, 131, 901 P.2d 1159, 1161 (App. 1994). Kwietkauski has the burden of proof by a preponderance of the evidence on all elements of her claim. *See Malinski v. Indus. Comm'n*, 103 Ariz. 213, 216, 439 P.2d 485, 488 (1968); *Biship v. Indus. Comm'n*, 17 Ariz. App. 42, 44, 495 P.2d 482, 484 (1972). As applicable here, Kwietkauski also has the burden to show that her injury is not medically stationary or that that she has sustained a permanent impairment. *See Timmons v. Indus. Comm'n*, 83 Ariz. 74, 79, 316 P.2d 935, 938 (1957).

## I.        The ALJ Did Not Err In Finding Kwietkauski's Condition Was Medically Stationary With No Permanent Impairment.

¶9        The record supports the ALJ's decision that Kwietkauski's condition was medically stationary and that she did not sustain any permanent impairment. The ALJ considered evidence from Dr. Rockowitz and Dr. John L. Beghin regarding Kwietkauski's injuries. Dr. Beghin found "the claimant to be permanent and stationary regarding her lumbar spine complaints." Dr. Rockowitz found that "[w]ith respect to the hip, I feel she is stationary without impairment," but did recommend that Kwietkauski see a spine specialist.

¶10        In her opening brief, Kwietkauski argues that she is "in need of medical treatment for her injures," and that "Respondent Employer/Carrier has provided no medical evidence which contradicts [Kwietkauski's] continuing need for medical treatment for her right wrist injury and psychological symptoms." However, Kwietkauski had the burden to show that her medical condition is not stationary. *See Timmons*, 83 Ariz. at 79, 316 P.2d at 938. By relying on personal assertions as to her continued need for medical attention, Kwietkauski failed to meet her burden showing that her condition is not stationary.

¶11        The only evidence presented by Kwietkauski with respect to her injuries was a prescription by Dr. Rutvik Patel for a splint for her wrist. However, Kwietkauski never presented any further evidence that her wrist injury was ongoing and not medically stationary. Additionally, although Kwietkauski did see Dr. Arthur H. Schurgin, who specializes in pain management and who was concerned that Kwietkauski had psychological issues, the ALJ noted in the first Decision Upon Hearing that "Dr. Shurgin's comments do not meet the standard set forth in A.R.S. § 23-1043.01(B) requiring proof that a physical injury related to the

employment was a substantial contributing cause of the injured worker's mental injury, illness or condition." Kwietkauski has not shown this finding was erroneous.

¶12 The record contains reasonable evidence to support the ALJ's finding that Kwietkauski's hip and back conditions became medically stationary with no permanent impairment by August 2, 2011. Additionally, given the lack of evidence presented by Kwietkauski with respect to her wrist, psychological issues and any further issues, the ALJ did not err in finding that Kwietkauski was not entitled to continuing benefits after August 2, 2011 because she "did not present any medical evidence to support her position that she needs ongoing medical treatment."

## II.     The ALJ Properly Addressed Kwietkauski's Allegations Of Bad Faith And Unfair Claims Processing.

¶13 "If the commission finds that unfair claim processing or bad faith has occurred in the handling of a particular claim, it shall award the claimant, in addition to any benefits it finds are due or owing, a benefit penalty of twenty-five per cent of the benefit amount ordered to be paid or five hundred dollars, whichever is more." A.R.S. § 23-930(B). For purposes of A.R.S. § 23-930, actions that constitute "bad faith" are outlined in the Arizona Administrative Code (A.A.C.) and include unreasonably terminating benefits, unreasonable delays in payments and improper communication with a represented claimant. *See* A.A.C. R20-5-163(A)-(B). Kwietkauski had the burden to establish her claim to the reasonable satisfaction of the Commission and this court will not disturb the decision if it is supported by sufficient evidence. *See Pac. Fruit Express v. Indus. Comm'n*, 153 Ariz. 210, 214, 735 P.2d 820, 824 (1987); *Malinski*, 103 Ariz. at 216, 439 P.2d at 488.

¶14 As applied, the ALJ found for Kwietkauski on her claims of bad faith/unfair claims processing in certain respects and awarded her a number of penalty benefits. Kwietkauski, however, argues that there were additional similar "instances which [she] alleged but were incorrectly denied" by the ALJ. Kwietkauski argues on appeal that she should have been awarded a benefit penalty for additional claims of bad faith/unfair claims processing by Sentry.  Kwietkauski discusses at length actions she claims were bad faith/unfair claims processing by Sentry that the ALJ rejected. Those claims include an allegation that Sentry did not tell her when the adjuster assigned to her case was changed and that a letter advising her of an August 2, 2011 IME indicated it was mailed on June 24,

2011, when, in fact, the letter was handed to her on June 27, 2011. Kwietkauski, however, fails to provide any legal analysis as to why the actions she relies upon constitute bad faith. Nor does she point to any requirement that Sentry provide, for example, notice of a change of adjuster. In addition, Kwietkauski has failed to show how, even if such action could constitute bad faith, the ALJ abused its discretion in rejecting Kwietkauski's bad faith/unfair claims processing allegations in these respects. Therefore, Kwietkauski failed to meet her burden both legally and factually.

## CONCLUSION

¶15      Because the ALJ did not err, the resulting award and decision are affirmed.



Ruth A. Willingham · Clerk of the Court
FILED: MJT