311 P.2d 843

Jesus A. VILLANUEVA, Petitioner,

v.

PHELPS DODGE CORPORATION, MORENCI BRANCH, Defendant Employer,

The Industrial Commission of Arizona, Defendant Insurance Carrier, Respondents.

No. 6434.

Supreme Court of Arizona.

May 31, 1957.

Wade Church, Phoenix, for petitioner.

Evans, Kitchel & Jenckes, James M. Bush and Earl H. Carroll, Phoenix, for defendant employer.

John R. Franks, Phoenix, for respondent Industrial Commission of Arizona, Donald J. Morgan, Robert K. Park and James D. Lester, Phoenix, of counsel.

LA PRADE, Justice.

On April 9, 1957, a writ of certiorari was issued out of this court at the instance of petitioner, seeking a review of an award of the Arizona Industrial Commission providing certain compensation benefits to petitioner on account of personal injuries suffered by him on account of an accident arising out of and in the course of his employment with respondent employer.

The petition for the writ was filed in this court on April 5, 1957. It appears from the petition for the writ that the award was made on November 9, 1956, and that the decision of the Commission upon a rehearing, reaffirming the award, was made on March 5, 1957.

Respondent employer moved for an order quashing the writ upon the ground that the petition for the writ was not filed within thirty days after rendition of the decision on rehearing, as provided by section 23–951, A.R.S., asserting that this court is without jurisdiction to entertain the petition filed on the 31st day after the decision on rehearing was made.

The applicable portion of section 23–951, A.R.S. reads:

"A. Within thirty days after an application for a rehearing is denied, or if the application is granted, within thirty days after rendition of the decision on a rehearing, any party affected thereby may apply to the supreme court for a writ of certiorari to review the lawfulness of the award."

■ It is the established rule in this jurisdiction that the thirty-day rule referred to is statutory and jurisdictional, and to give this court jurisdiction to consider a review the petition must be filed within thirty days after rendition of the decision of the Industrial Commission on a rehearing. Di Paolo v. Calumet & Arizona Mining Co., 1930, 36 Ariz. 347, 285 P. 680; King v. Alabam's Freight Co., 1932, 40 Ariz. 363, 12 P.2d 294; Harambasic v. Barrett & Hilp & Macco Corp., 1941, 58 Ariz. 319, 119 P.2d 932. In these cases the date of rendition of the decision on rehearing was considered to be the date of the order. No contention was made in these cases that the date of rendition of decision on rehearing was other than the date the order was made.

Petitioner argues that the thirty-day period did not start to run until he had received notice of the decision on rehearing. Petitioner lived at Morenci, Arizona, a distance of more than two hundred miles from Phoenix, the place of mailing of the notice of the decision, and contends that the distance factor entitled petitioner to two additional days from the date of the making of the decision on rehearing, within which to file application for certiorari. This contention is predicated upon Rule 43 of the Commission, which provides:

"Service may also be made of any award, decision, order, subpoena, notice or other process by enclosing the same or a copy thereof in a sealed envelope and depositing the same in the United States mail, with postage prepaid, addressed to the party served. Such notice may be made to the address of such party as shown by the records of the Commission. The service shall be deemed complete when the paper to be served is so deposited; provided, that where the distance between the place of mailing and the place of address is more than one hundred miles, service shall be deemed complete one day after the deposit of the paper for each one hundred miles or majority fraction thereof distance between the place of deposit and the place of address. In any event, service shall be deemed complete within six (6) days after the date of mailing. In computing time, the date of mailing is not to be counted; all intermediate Sundays and holidays are to be counted; if the last day falls on Sunday, or a holiday, it is not to be counted, but service will be completed the following day."

The rule was adopted upon the authority of section 23–922, A.R.S., conferring upon the Commission the authority to make rules and regulations necessary to the conduct of its business. It reads:

"The commission may adopt rules of procedure, rules for fixing rates and for presenting claims and other rules and regulations necessary to conduct its business. The commission may change

such rules and regulations from time to time."

It is argued that the promulgation of this rule has the effect of holding up the "rendition of the decision on a rehearing" until service is completed. Applying this reasoning to this case would lead to the conclusion that the decision on rehearing was not rendered until the service was completed, which was two days after its date.

In this court in the case of Marcos A. Lira v. Fisher Contracting Co. and the Industrial Commission, cause No. 5956 (not reported), we granted a motion to dismiss the petition for a writ of certiorari where it appeared that it was filed on the 31st day after the rendition of the decision on a rehearing. The dismissal was by minute entry (September, 1954). Now that this identical point is again raised, we deem it advisable to give a written decision on the motion before us which we ordinarily do not do.

In the Lira case the same contention was made as asserted in the case at bar, and we were referred to the case of Jones v. Davis, 1932, 246 Ky. 293, 54 S.W.2d 681, interpreting a statute under Kentucky's workmen's compensation law. The Kentucky statute required that "a copy of the award shall immediately be sent to the parties in dispute". Ky.St. § 4933. The statutes permitted a petition for a rehearing before the board if filed within seven days after date of the award. The petition for a rehearing was made within seven days after *receipt* of the award but not within seven days after its *date*. The court held that in view of the state statute requiring that a copy of the award be immediately sent, that only the service of the award afforded due process, and that the service of the award was necessary to constitute the *rendition* of the award.

We have no statute comparable to the Kentucky statute requiring service of any decisions of the Industrial Commission. The Commission has in effect, by its rule No. 37, made it mandatory to serve a copy of the initial award. Petition for a rehearing before the Commission must be filed within twenty days after service of the award. Service may be made personally or by mail under rule No. 43. The Commission has not adopted any rule specifically providing that service must be made of the rendition of the decision denying a rehearing, nor is there any statute requiring such service. Under these conditions the Kentucky case is not particularly persuasive.

Our opinions (supra) conclusively establish that the thirty-day statute, section 23–951, supra, is jurisdictional. This thirty-day period within which a review can be secured was fixed by the legislature, i. e., "within thirty days after rendition of the decision on a rehearing", and we see no reason for departing from the holding in the Di Paolo case that this court cannot extend the period "without ignoring the

252

statute regulating appeals and violating the spirit and policy of its Workmen's Compensation Law * * *." [36 Ariz. 347, 285 P. 681]. A petition for a writ of certiorari is not part of the procedure before the Commission. The right of review and the conditions upon which it can be had, being statutory, must be strictly complied with or else the right of review is lost. We hold that the decision on rehearing was rendered on the date it was dated and that its rendition is not dependent on notice.

The motion is granted and the writ of certiorari is ordered quashed.

UDALL, C. J., and WINDES, PHELPS, and STRUCKMEYER, JJ., concur.