403 P.2d 535

Frank CONTRERAS, Petitioner,

v

The INDUSTRIAL COMMISSION of Arizona and Eric Lundeen, Inc., and Klaas Bros., Inc., Respondents.

No. 8053.

Supreme Court of Arizona,

In Division.

June 23, 1965.

Hirsch, Van Slyke, Richter & Ollason, Tucson, for petitioner.

Chris T. Johnston, Phoenix, for respondent The Industrial Commission of Arizona, Richard J. Daniels, Frank E. Murphy, Jr., Robert A. Slonaker and Edgar M. Delaney, Phoenix, of counsel.

LOCKWOOD, Chief Justice.

On October 10, 1962, the Industrial Commission entered its findings to the effect that the above applicant was able to return to his usual occupation on August 15, 1962, and terminated any temporary disability payment from that date. Petitioner filed a notice of protest and a petition for rehearing. On March 11, 1963, after rehearing held on February 11, 1963, the Commission entered an order affirming the Commission's action of October 10, 1962. Pursuant to A.R.S. § 23–951 the Commission's order of March 11, 1963, stated that any party aggrieved by the order might, within thirty (30) days after the rendition of the order

"apply to the Supreme Court of the State of Arizona for a Writ of Certiorari to review the lawfulness of said order * * *."

Section A of A.R.S. § 23-951 states:

"Within thirty days after an application for a rehearing is denied, or if the application is granted, within thirty days after rendition of the decision on a rehearing, any party affected thereby may apply to the supreme court for a writ of certiorari to review the lawfulness of the award."

On May 31, 1963 the petitioner filed a Petition and Application for Readjustment or Reopening of the Claim. On July 16, 1963 the Commission denied the reopening of the petitioner's claim. On July 25, 1963 petitioner filed a Notice of Protest and Petition and Application for a Rehearing. On August 9, 1963 the Commission issued an "Order Denying Rehearing and Affirming Previous Findings and Award."

Petitioner filed his petition for writ of certiorari on August 29, 1963.

The Commission argues that this Court lacks jurisdiction to entertain the petitioner's application for a writ of certiorari because the petitioner failed to file a petition for such writ within thirty days after the Commission's order of March 11, 1963, pursuant to the rehearing.

We have repeatedly held that the thirty days limitation in A.R.S. § 23-951 for making application for a writ of certiorari is jurisdictional, and the petitioner's right to review in this Court is lost by failure to file within that time. Villanueva v. Phelps Dodge Corporation, 82 Ariz. 248, 311 P.2d 843; Harambasic v. Barrett & Hilp & Macco Corp., 58 Ariz. 319, 119 P.2d 932; Di Paolo v. Calumet & Arizona Mining Co., 36 Ariz. 347, 285 P. 680.

Petitioner's reply brief acknowledges that the decision upon rehearing by the Commission was dated March 11, 1963 and that that decision allowed thirty days from March 11, 1963 for an aggrieved party to apply to this Court for a writ of certiorari pursuant to A.R.S. § 23-951. However the petitioner claims that the Commission is estopped from asserting the procedural bar created by A.R.S. § 23-951 against the petitioner because of a series of correspondence in 1963, initiated by the petitioner three days after the order of March 11, 1963.

On March 14th petitioner's attorney wrote to the Commission, acknowledging receipt of the decision on rehearing, and stating:

"I checked my file and if my records are correct, he is only claiming compensation from the date he was cut off, which I believe was August 15, 1962, till the date he went back to work

which is February 8, 1963.

"It seems like such a small amount to make a Supreme Court case out of.

"I respectfully request that you reconsider Dr. Cortner's testimony in relation to his actually being disabled during this period, and that the only treatment was no treatment at all. I believe the results speak for themselves. He is now able to earn a living, however, the five months that he did not work, has literally bankrupted him."

On April 8th the Commission by its Claims Compensation Supervisor responded to the letter of March 14th as follows:

"Mr. Frank Contreras' case including your letter of March 14, 1963, was carefully reviewed. There is no justification from a medical point of view for payment of compensation from August 15, 1962 through February 8, 1963. Our records show that Dr. J. W. Cortner released Mr. Contreras for regular work on August 15, 1962 and the consultants who examined him on October 1, 1962 verified the fact that Mr. Contreras could remain on regular work status.

"From the testimony at the hearing held February 11, 1963, Doctor Cortner was of the opinion that Mr. Contreras was ready to return to work even though claimant felt he was not able.

"At the request of the attending physician, group consultatin [sic] will be scheduled to determine *present* status of Mr. Contreras' back condition relating to his accident of June 25, 1962 and further handling of this case." (Emphasis ours.)

At no time between the period of March 11th when the order was handed down, and April 8th did the petitioner file a petition for writ of certiorari to this court.

On April 10th petitioner's attorney answered the Commission's letter of April 8th. This was on the thirtieth day after the Commission's order on rehearing, by which time, pursuant to A.R.S. § 23-951 the petition for writ of certiorari should have been filed with this court. This letter to the Commission stated:

"I am in receipt of your letter of April 8, 1963 and as a result of the last paragraph, I am assuming that there will be no necessity for me to abide by the last paragraph of the Order dated March 11, 1963 wherein I had thirty days to apply to the Supreme Court for a writ of certiorari. I am assuming that the Commission is going to hold further hearings and consultation and that until such time as the consultations and further hearings are held that there will be no necessity to file anything further to keep the case alive."

Seven days later, on April 17th the Commission responded to the petitioner as follows:

"So there will be no misunderstanding on the processing of Mr. Frank Contreras' case, we would like to review recent actions.

"As you know, on October 11, 1962 the Commission issued its order terminating temporary compensation as of August 14, 1962 because Mr. Contreras was released to return to regular work by Dr. J. W. Cortner. Mr. Contreras filed petition and Application for rehearing on November 7, 1962, and subsequently hearing was held on February 11, 1963. On March 11, 1963 Decision Upon Rehearing and Order Affirming Previous Record of Commission's Action was issued. Since the thirty days set out have elapsed, we assume you have not applied to the Supreme Court for a Writ. of Certiorari.

"Group consultation is being scheduled to determine present status of Mr. Contreras' condition relating to his accident of June 25, 1962; to determine further medical handling of this case; or, if condition is stationary, to determine final evaluation and disposition. The consultation is not being held to determine Mr. Contreras' working ability subsequent to August 14, 1962."

Again, on May 6th the Commission wrote to the petitioner's attorney stating:

"Since the thirty day period has elapsed we assume you have not applied to the Supreme Court for a Writ of Certiorari.

"We have made arrangements for Mr. Frank Contreras to be seen in group consultation in Tucson on May 13, 1963."

On May 8th the petitioner's attorney sent the following letter to the Commission:

"Please reread my letter of April 10, 1963, directed to you. Read it carefully, then please explain your letter to me of May 6, 1963. I'm sure you are not attempting to confuse me but I assure you that you have."

On May 10th the Commission responded as follows:

"We wish to apologize if our recent letters were confusing. To review the case, Mr. Frank Contreras protested Record of Commission's Action issued October 11, 1962, in which payment of compensation for temporary disability was terminated as of August 14, 1962, because the attending physician felt he was able to return to regular work. Formal hearing was held for that purpose.

"Subsequently, on March 11, 1963, Decision Upon Rehearing and Order.

Affirming Previous Record of Commission's Action was issued. Of course, this meant compensation for temporary disability is not payable subsequent to August 14, 1962.

"It is to be noted that the Decision issued March 11, 1963 contained a thirty day clause, in which time any aggrieved party could apply to the Supreme Court of the State of Arizona for a Writ of Certiorari. Then we received your letter dated March 14, 1963.

"The Commission again reviewed this case, and it was felt that compensation for the period set out in your letter, namely, from August 15, 1962 to February 8, 1963, is not payable, because the attending physician, Dr. J. W. Cortner, was of the opinion Mr. Contreras was ready to return to work even though he felt he was not able.

"Coincidentally, we received a report from Doctor Cortner in which he recommended group consultation be held. Therefore, arrangements have been made for examination by a board of consultants on May 13, 1963. The consultation is being held to determine medical handling of the case and is not ordered to determine claimant's working ability from August 15, 1962 to February 8, 1963, or for anything to do with disposition of Mr. Contreras' petition for rehearing.

"In my letter of April 18, [sic] 1963, mention was made of the group consultation merely on an information basis. It was not intended to infer that the consultation would in any way change the Commission's Decision Upon Rehearing.

"If our explanation is not entirely clear, it is suggested that you contact our Legal Department, preferably Mr. Lorin Shelley."

On May 14th the plaintiff's attorney replied as follows:

"Thank you for your letter of May 10, 1963.

"I agree with paragraph 3 of your letter that the Decision contained a 30 day clause. However, I point out to you that in your letter of April 8, 1963, to which I responded left little doubt in my mind that the case would be left open. I quote from your letter:

"'At the request of the attending physician, group consultation will be scheduled to determine present status of Mr. Contreras' back condition relating to his accident of June 25, 1962, and further handling of this case.'

"This is the position I shall have to take under the circumstances. Possibly the question will become moot after the consultation by a reopening of the case.

"I want to correct a date in your next to last paragraph. The letter was dated April 8, 1963, not April 18, 1963."

■ As long ago as 1935 in Lilly White v. Coleman, 46 Ariz. 523, 52 P.2d 1157 this court stated the elements of equitable estoppel as follows:

"The essential elements of an equitable estoppel may be stated as follows: (1) There must be a false representation *or concealment of material facts;* (2) it must have been made with knowledge, actual or constructive, of the facts; (3) the party to whom it was made must have been without knowledge of or the duty of inquiring further as to the real facts; (4) it must have been màde with the intention it should be acted upon; and (5) the party to whom it was made must have relied on or acted on it to his prejudice. There can be no estoppel if any of these elements are absent." (Italics in original.)

See also Knight v. Rice, 83 Ariz. 379, 321 P.2d 1037; Valley National Bank v. Battles, 62 Ariz. 204, 156 P.2d 244; and City of Glendale v. Coquat, 46 Ariz. 478, 52 P.2d 1178, 102 A.L.R. 837.

■ In this case since the petition for writ of certiorari was filed more than five months after the March 11th order, and since there was no false representation or concealment of material facts by the Commission in any of the letters sent to the petitioner in response to the petitioner's original letter of March 14, 1963, in which the petitioner said that the whole matter seemed "like such a small amount to make a Supreme Court case out of * * *", and since the petitioner cannot claim lack of knowledge of A.R.S. § 23–951 nor lack of knowledge that the order of March 11, 1963, contained the thirty day clause, the petitioner cannot assert the claim that all of the essentials of estoppel were present. The petitioner may not create an estoppel of the effect of the statute by his own delay in compliance therewith. .

For the above reasons we hold that this Court has no jurisdiction to entertain the petition for writ of certiorari. Order quashing writ of certiorari.

UDALL and McFARLAND, JJ., concur.