551 P.2d 90

Lois Clifford SMITH, Petitioner,

v.

The INDUSTRIAL COMMISSION of Arizona, Respondent,

Hecla Mining Company, Respondent Employer,

Commercial Union Assurance Company of America, Respondent Carrier.

No. I CA–IC 1441.

Court of Appeals of Arizona, Division 1, Department C.

June 22, 1976.

Review Denied Sept. 21, 1976.

Rabinovitz, Minker & Dix, P. C. by James S. Dix, Tucson, for petitioner.

John H. Budd, Jr., Chief Counsel, Phoenix, for respondent The Industrial Commission of Arizona.

Lewis & Roca by R. Kent Klein, Phoenix, for respondents employer and carrier.

## OPINION

FROEB, Judge.

This is a review of the decision of the Industrial Commission which denied a claim for permanent disability benefits. As we have decided the case on jurisdictional grounds, only a brief summary of the facts is necessary.

On February 9, 1975, petitioner and a fellow worker were engaged in cutting pipe as employees of Hecla Mining Company, the defendant employer. While carrying a section of pipe, petitioner slipped and fell, twisting his back. Medical expenses and compensation for temporary disability were paid to or on behalf of petitioner through April 16, 1975. Following a hearing, the Commission determined that petitioner's condition had become stationary and that petitioner had sustained no permanent disability as a result of the injury. Petitioner filed a request for review before the Commission and the decision was affirmed by appropriate order dated and mailed to the parties on October 22, 1975.

The determinative issue on review is whether petitioner filed a timely petition for certiorari in this court.

Arizona Revised Statutes, § 23–943(H), states the time after which the decision of the Industrial Commission becomes final.

> The decision upon review shall be final unless within thirty days after the date of mailing of copies of such decision to the parties, one of the parties applies to the court of appeals for a writ of certiorari pursuant to § 23–951. The decision shall contain a statement explaining the rights of the parties under this section and § 23–951.

The time limit within which an appeal to an appellate court must be filed is clearly jurisdictional. *Harambasic v. Barnett & Hilp & Macco Corp.*, 58 Ariz. 319, 119 P.2d 932 (1941); *Villanueva v. Phelps Dodge Corp.*, 82 Ariz. 248, 311 P.2d 843 (1957). The same rule applies to a petition for certiorari to review the decision of the Industrial Commission. *Contreras v. Industrial Commission*, 98 Ariz. 221, 403 P.2d 535 (1965). The Arizona Supreme Court stated in *Contreras*:

> We have repeatedly held that the thirty days limitation in A.R.S. § 23–951 for making application for a writ of certiorari is jurisdictional, and the petitioner's right to review in this Court is lost by failure to file within that time. [98 Ariz. at 223, 403 P.2d at 537]

In this case, the Petition for Certiorari was filed in the Court of Appeals on November 24, 1975, the 33rd day following the day on which the Decision upon Review of the Industrial Commission was mailed to the parties.

Petitioner argues that the mailing of the Petition for Writ of Certiorari to the Court of Appeals on November 21, 1975, complied with the 30-day requirement because A.R.S. § 23–943(H) requires only that he "apply" not that he "file" within that time period. In other words, he argues

that an "application" is made to the Court of Appeals when it is mailed. He contends that A.R.S. § 23–943(H) supports this view because it provides that the 30 days does not begin to run until the Decision upon Review is mailed to the parties by the Industrial Commission.

We cannot agree with this position. There is nothing in the meaning of the word "apply" which would permit compliance by mailing any more than there is in the word "file." Moreover, we are referred to no instances where court proceedings are deemed commenced by the act of mailing. Finally, the choice of the word "apply" in the statute would appear to be consistent with the nature of review by writ of certiorari, since the petition, in substance, seeks (applies for) immediate issuance by the court of a "writ" of certiorari directed to the Industrial Commission. To read the word "apply" as petitioner would have us read it would be to indulge in verbal legerdemain.

Not to be confused with our holding are the various cases which permit the Industrial Commission, in its discretion, to waive untimely filings. See *Parsons v. Bekins Freight,* 108 Ariz. 130, 493 P.2d 913 (1972); *Chavez v. Industrial Commission,* 111 Ariz. 364, 529 P.2d 1181 (1974); *Janis v. Industrial Commission,* 111 Ariz. 362, 529 P.2d 1179 (1974); *Judd v. Industrial Commission,* 23 Ariz.App. 254, 532 P.2d 196 (1975); *Gurovich v. Industrial Commission,* 23 Ariz. App. 486, 534 P.2d 294 (1975). Likewise, we find the decision of the Supreme Court in *Apodaca v. Industrial Commission,* 108 Ariz. 137, 493 P.2d 1194 (1972) to be inapposite to the question of jurisdiction of the court of appeals in this case.

In view of the foregoing, it is unnecessary for us to reach the other issues raised by petitioner. It is ordered dismissing the Petition and quashing the Writ of Certiorari previously issued.

EUBANK, P. J., and HAIRE, C. J., concur.