NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS

### DIVISION ONE

JULIO MENDOZA, *Petitioner Employee,*

*v.*

THE INDUSTRIAL COMMISSION OF ARIZONA, *Respondent,*
ARLEDGE HAY COMPANY, *Respondent Employer,*
COPPERPOINT INSURANCE COMPANIES, *Respondent Carrier.*

No. 1 CA-IC 20-0006
FILED 02-04-2021

Special Action - Industrial Commission
ICA Claim No. 20003-460054
Carrier Claim No. 0034301
The Honorable Michael A. Mosesso, Chief Administrative Law Judge

**DISMISSED IN PART AND AWARD SET ASIDE IN PART**

COUNSEL

Stevens & Van Cott, PLLC, Scottsdale
By Charles C. Van Cott
*Counsel for Petitioner Employee*

Industrial Commission of Arizona, Phoenix
By Gaetano J. Testini
*Counsel for Respondent*

CopperPoint Insurance Company, Phoenix
By Sharon M. Hensley, Mark A. Kendall
*Counsel for Respondent Employer and Carrier*

_____

**MEMORANDUM DECISION**

Judge David D. Weinzweig delivered the decision of the Court, in which Presiding Judge Samuel A. Thumma and Judge D. Steven Williams joined.

_____

**W E I N Z W E I G**, Judge:

¶1        Julio Mendoza petitions for review of Industrial Commission of Arizona orders designating him a vexatious litigant and denying his most recent request for leave to be heard under A.R.S. § 23-1061(J).  We lack jurisdiction over his vexatious litigant designation but set aside the Commission's denial of his request for leave.

**FACTS AND PROCEDURAL BACKGROUND**

¶2        Mendoza severely injured his left hand in 2000 while working as a machine operator for Arledge Hay Company.  A finger was amputated, and Mendoza has suffered chronic pain ever since.  Mendoza successfully applied for worker's compensation benefits from CopperPoint Insurance Company.  The Commission closed Mendoza's claim in 2008, assessing a permanent impairment of 40 percent and terminating active medical care and temporary compensation.  Even so, the Commission ordered CopperPoint to pay for some of Mendoza's continuing physician visits and pain medication.

¶3        Since then, Mendoza has filed several petitions for the Commission to reopen his claim.  Mendoza first petitioned the Commission to reopen his claim in November 2009 based on his treating physician's diagnosis of Reflex Sympathetic Dystrophy ("RSD"), also known as Complex Regional Pain Syndrome.  CopperPoint countered with the opinions of two physicians who disagreed with the diagnosis.  An ALJ denied Mendoza's request, finding the physicians retained by CopperPoint to be more reliable and persuasive.  The ALJ ordered, however, that Mendoza could receive pain treatment from a pain management specialist at CopperPoint's expense.  On review, this court affirmed.

¶4        Mendoza again sought to reopen his claim in 2011.  The Commission denied Mendoza's request for active medical care relating to symptoms on his left side.  Still, it reopened the claim to increase his permanent impairment to 45 percent.

2

¶5          Mendoza next petitioned to reopen in April 2012, claiming head, neck, back and leg pain.  An ALJ received evidence and argument, including testimony from several physicians over four days.  Mendoza's treating physician, Dr. Michael Carlton, testified that "the lack of findings on [Mendoza's] head and neck MRI convinced him that the pain is coming from the industrial injury and not from some other undiagnosed condition," but the industrial injury was "not a [sic] responsible for [Mendoza's] left leg pain."  After conducting three independent medical exams ("IME") in 2005, 2008 and 2012, Dr. Paul Guidera testified "he could not relate the pain in any of [Mendoza's] other body parts to the industrial injury," and saw "nothing new."  The ALJ denied Mendoza's request to reopen in January 2013, holding:

> There is a conflict between [the physicians] regarding whether [Mendoza] has suffered a new, additional or previously undiscovered condition related to his industrial injury.  To resolve this conflict, I accept the opinions of Dr. Guidera.  I am persuaded that Mendoza's injury involved solely his fingers and hand and that cervical nerve blocks are not indicated. . . . Finally, no doctor related [Mendoza's] head, neck, back, or leg pain to the industrial injury and therefore treatment for those body parts is not part of this case.

¶6          More petitions to reopen followed in March 2013 and January 2016.  CopperPoint recognized Mendoza's continuing pain and pain treatment but still disputed his RSD diagnoses.  The Commission denied Mendoza's requests for epidural cervical injections but authorized stellate ganglion block injections and medication to ameliorate pain radiating from Mendoza's injured hand.

## A.     Vexatious Litigant Designation (January 2017)

¶7          CopperPoint moved to designate Mendoza a vexatious litigant in January 2017 pursuant to A.R.S. § 23-941.02(D)(1).[1]  Mendoza did

---

[1]      Section 23-941.02(D)(1) defines "vexatious conduct" as: (a) repeated filing of requests for hearing, pleadings, motions or other documents solely or primarily for the purpose of harassment; (b) unreasonably expanding or delaying commission proceedings; (c) bringing or defending claims without substantial justification; (d) engaging in abuse of discovery or conduct in discovery that has resulted in the imposition of sanctions against the pro se litigant; (e) pattern of making unreasonable, repetitive and

not respond. After reviewing "the entirety of the Commission file," the Chief ALJ granted CopperPoint's motion in March 2017 and designated Mendoza a vexatious litigant. The ALJ's order recounted Mendoza's "repeated filing of requests for relief that had been previously ruled upon in this claim." A.R.S. § 23-941.02(D)(1)(f). The ALJ wrote:

> 2. The filing excesses of vexatious litigants interfere with the orderly administration of justice by diverting judicial resources from those matters filed by litigants willing to follow the rules and those meritorious matters that deserve prompt judicial attention.
>
> * * *
>
> 11. Throughout this lengthy litigation history the only condition consistently considered related to the industrial injury is [Mendoza]'s left upper extremity (left hand). Problems related to the cervical spine, GERD, RSD, left-sided body symptoms and head, neck, back, and leg pain have all been denied as being unrelated to the industrial episode during reopening litigation. . . . These have been litigated to a conclusion and are final. These fit within the designation of A.R.S. § 23-941.02(D)(1)(f) of repeated filing of requests for relief that had been previously ruled upon in this claim.

¶8        The ALJ assured Mendoza that the designation "Order does not foreclose [his] access to filing in the future" but instead "requires any new filings to be reviewed to ensure they were not previously raised and that they are not harassing or vexatious. If it is found that the filing is not vexatious or harassing, it will be allowed to proceed." Moving forward, the ALJ directed that "[a]ny motion for leave to file shall be captioned 'Application Pursuant to Court Order Seeking Leave to File.'"

### B.        Petition for Investigation (October 2019)

¶9        Mendoza filed a "Petition for Investigation" in October 2019 under A.R.S. § 23-1061(J), which the Chief ALJ treated as a request to file. *See* A.R.S. § 23-1061(J) ("The commission shall investigate and review any claim in which it appears to the commission that the claimant has not been granted the benefits to which such claimant is entitled."). Mendoza sought

excessive requests for information; or (f) repeated filing of documents or requests for relief that have been the subject of previous rulings by the commission in the same claim.

coverage for a spinal cord stimulator to redress his RSD and phantom limb pain. In support, he attached recent medical reports from his physician, Dr. Ajay Narwani. The first indicated the stimulator would help Mendoza's "phantom limb pain" and other pain.

¶10 A month later, Mendoza visited Dr. Kevin Ladin at CopperPoint's request for an IME. After reviewing Mendoza's medical records and conducting a personal examination, Dr. Ladin concluded:

> There are absolutely no objective findings and quite frankly no subjective complaints consistent with a diagnosis of complex [RSD] affecting the left upper extremity. . . . Mr. Mendoza is not felt to be an appropriate candidate for a trial of spinal cord stimulation nor a spinal cord stimulator implant.

Dr. Ladin still acknowledged, however, that Mendoza's "current subjective complaints and symptoms are causally related to the industrial injury . . . and its aftermath," and "supported by objective clinical findings."

¶11 CopperPoint opposed Mendoza's petition, arguing the ALJ and the Commission already found "that [Mendoza's] injury involved solely his fingers," that "no doctor related [his] head, neck, back, or leg pain to the industrial injury," and thus "treatment for those body parts is not part of this case." CopperPoint conceded it only assumed that Mendoza's pain-management physician recommended the spinal cord stimulator to treat other, non-industrial related conditions.

¶12 In January 2020, the Chief ALJ denied Mendoza's "request to allow the processing of [his] October 18, 2019 [petition under] A.R.S. § 23-1061(J)," reasoning the request "appears" related to his RSD diagnosis, which the Commission had determined was unrelated to the industrial injury and therefore not covered:

> Throughout this lengthy litigation history the only condition consistently considered related to the industrial injury is [Mendoza's] left upper extremity (left hand). Problems related to the cervical spine, GERD, RSD, left-sided body symptoms and head, neck, back and leg pain have all been denied as being unrelated to the industrial episode during reopening litigation. These have been litigated to a conclusion and are final.

¶13 The ALJ added he reviewed Mendoza's attached medical records and then cited earlier ALJ decisions from January 2013 and January 2010, which "decided that any cervical spine issues were unrelated to the industrial injury," and "denied that [Mendoza] had RSD related to the industrial episode and principles of res judicata apply." The order included no finding that Mendoza's request was repetitive or harassing. Mendoza seeks review by this court.

## DISCUSSION

### A. Vexatious Litigant Designation

¶14 Mendoza first contends the ALJ erroneously designated him a "vexatious litigant" in March 2017. This court must independently determine whether it has appellate jurisdiction. *Baker v. Bradley*, 231 Ariz. 475, 479, ¶ 8 (App. 2013). We do not. Mendoza needed to challenge the ALJ's "vexatious litigant" designation within thirty days after the decision was issued and mailed to the parties in March 2017, A.R.S. § 23-943(H), but he first sought review in 2020. *See Smith v. Indus. Comm'n*, 27 Ariz. App. 100, 101 (1976).

### B. Denial of Leave

¶15 Mendoza next challenges the ALJ's order declining to process his request for hearing in January 2020. He argues the ALJ "included no finding designating [his] Petition as either harassing or vexatious, as required by the [earlier] Vexatious Litigant Order." CopperPoint counters that the Commission already considered and rejected Mendoza's cervical spine condition as causally related to his industrial injury, adding that an earlier ALJ found that "treatment of the cervical spine" would not alleviate pain from Mendoza's industrial injury.

¶16 As a vexatious litigant, Mendoza needed leave from the Chief ALJ to file a request for a hearing. A.R.S. § 23-941.02(B) ("[A vexatious] litigant may not file a new request for hearing, pleading, motion or other document without prior leave of the administrative law judge."). We review procedural rulings for abuse of discretion, *Unisource Corp. v. Indus. Comm'n*, 184 Ariz. 451, 453 (App. 1995), and will affirm the decision if reasonably supported by the evidence, *Lovitch v. Indus. Comm'n*, 202 Ariz. 102, 105, ¶ 16 (App. 2002).

¶17 Section 23-941.02 does not describe what a vexatious litigant must show to secure leave to file a request for a hearing. Mendoza and CopperPoint, however, accept the Chief ALJ's standard:

Any new filings must be reviewed to (1) ensure they were not previously raised and (2) that they are not harassing or vexatious. If it is found that the pleading is not vexatious or harassing, it will be allowed to proceed.

¶18 Mendoza contends his October 2019 Petition and attached medical reports facially satisfied this standard because it was "the first time" he sought a spinal cord stimulator to redress phantom limb pain. A.R.S. § 23-1061(J) ("The commission shall investigate and review any claim in which it appears to the commission that the claimant has not been granted the benefits to which such claimant is entitled.").

¶19 On this record, the Chief ALJ erroneously denied Mendoza's request for hearing or investigation. Although the ALJ correctly concluded that problems related to *RSD* "have all been denied as being unrelated to the industrial episode during reopening litigation," the ALJ did not address whether the Commission had considered and rejected a spinal cord stimulator for Mendoza's *phantom limb pain*.

## CONCLUSION

¶20 We lack jurisdiction over Mendoza's untimely challenge to his vexatious litigant designation. We set aside the Chief ALJ's order denying Mendoza's request for a hearing on his claim for a spinal cord stimulator to treat his phantom limb pain.

